UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JOHN RENEE BLACK          ]
    Petitioner,          ]
                          ]
v.                        ]     No. 3:06-0252
                          ]     Judge Trauger
DAVID MILLS, WARDEN       ]
    Respondent.          ]


M E M O R A N D U M

    The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Mills, Warden of the facility, seeking a writ of habeas corpus.

    On February 16, 2000, a jury in Davidson County found the petitioner guilty of aggravated kidnaping, aggravated assault (2 counts) and simple assault. For these crimes, he received an aggregate sentence of twenty three (23) years in prison. Docket Entry No. 17; Attachment No. 1; Vol. No. 1 at pgs. 134-137. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 14; Attachment No. 4. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 14; Attachment No. 7.

    The petitioner then filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 15; Attachment No. 1 at pgs. 8-26. Counsel was appointed to represent the petitioner and an amended post-conviction petition was filed. Docket

1

Entry No. 15; Attachment No. 1 at pgs. 35-39. Following an evidentiary hearing, the trial court denied the petition. Docket Entry No. 15; Attachment No. 1 at pgs. 62-66. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 16; Attachment No. 5. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. Docket Entry No. 16; Attachment No. 8.

On March 30, 2006, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 1). The petition sets forth four claims which bring into question the validity of the petitioner's convictions. These claims include :

(1) the evidence was not sufficient to support convictions for aggravated kidnaping and aggravated assault;

(2) counsel was ineffective because he failed
    a) to request a jury instruction for the lesser included offense of false imprisonment;

    b) to properly raise the amended indictment as an appellate issue; and

    c) to object to the prosecutor's misconduct (improper questions and vouching for prosecution witnesses).[1]

A preliminary examination of the petition was conducted after which it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 6) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the court are the petition, respondent's Motion to Dismiss (Docket Entry No. 18) and the petitioner's Response in Opposition to the Motion to Dismiss

---

[1] At trial and on direct appeal, the petitioner was represented by Monte Watkins, who is currently serving as a Judge in the Criminal Court of Davidson County.

2

(Docket Entry No. 19). Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

During the direct appeal (Docket Entry No. 14; Attachment No. 4) and state post-conviction proceedings (Docket Entry No. 15; Attachment No. 5), the petitioner's claims were fully litigated and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner first claims that the evidence was not sufficient to sustain convictions for

3

aggravated kidnaping and aggravated assault.[2] The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). When weighing the sufficiency of the evidence to sustain a criminal conviction, the court must view the evidence in a light most favorable to the prosecution. Id., at 99 S.Ct. 2789.

      The jury heard testimony from the victim describing how "....... she could not have left her apartment after the defendant came home on September the 25th. She explained that at that time the defendant remained in the front of the residence (where the means to exit was located); 'was in a rage'; and informed her that she was 'not going anywhere'. On this evening, the defendant kicked the victim under the chin with his steel-toed shoes causing a wound that required stitches and left a scar. Also during this time he threatened her with a beer bottle, stating, 'I should mess up your face so nobody else would want you'. Because the victim was afraid that if the defendant struck her with the bottle he would render her unconscious, the victim began working her way toward the door. After she succeeded in running outside screaming for a brief period of time, the defendant caught her, placed his hand over her mouth, and pulled her back into the apartment. Thereafter, a neighbor who had seen and heard this from the housing tower opposite the victim's, called 911 at approximately 2:30 a.m." Docket Entry No. 4; Attachment No. 4 at pg. 4.

---

[2] The petitioner, who was in his late thirties, was accused of kidnaping and assaulting his live-in girlfriend, Eloise, who was in her mid-sixties at the time.

4

The jury chose to accredit the testimony of the victim who related how the petitioner had abused her both mentally and physically over a period of several days. Her testimony, coupled with evidence of the many injuries she had suffered, were more than sufficient to support convictions for both aggravated kidnaping and aggravated assault. This claim, therefore, has no merit.

The petitioner has also alleged three instances in which counsel was ineffective. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings.

The petitioner alleges that counsel was ineffective because he neglected to request a jury instruction for the lesser included offense of false imprisonment. During the post-conviction appeal, the Tennessee Court of Criminal Appeals acknowledged that false imprisonment was a lesser included offense of aggravated kidnaping. The state appellate court determined, however,

5

that petitioner's counsel had not been deficient for failing to request such an instruction because the trial court had an existing duty to fully instruct the jury. Moreover, the appellate court found that the petitioner did not suffer any prejudice from the failure to instruct the jury as to false imprisonment because the jury rejected all lesser included offenses when it chose to convict on the charge of aggravated kidnaping rather than the lesser included offense of simple kidnaping. Docket Entry No. 16; Attachment No. 5 at pgs. 7-8. The Constitution does not require a court to give a lesser included instruction in a non-capital case. Bagby v. Sowders, 894 F.2d 792, 795-797 (6th Cir. 1990)(*en banc*). In this instance, the state courts did not violate federal law by finding that counsel was not ineffective for failing to request a false imprisonment instruction. Consequently, this issue has no merit.

Five days prior to trial, the prosecution was allowed to amend the indictment with a change in the dates applicable to the aggravated kidnaping charge. On direct appeal, counsel raised the amendment of the indictment as an issue for review. Docket Entry No. 14; Attachment No. 2. The Tennessee Court of Criminal Appeals found that counsel had failed to provide an accurate record that would allow for a proper review of the question. Thus, this issue was deemed to have been waived by the petitioner. Docket Entry No. 14; Attachment No. 4 at pgs. 6-7. The petitioner now claims that counsel's failure to properly raise the question of the amended indictment on appeal constitutes ineffective assistance.

Following the post-conviction evidentiary hearing, the trial judge found that

> A review of the record indicates that the petitioner's previous
> attorney was aware of these dates after the preliminary hearing.
> In the petitioner's motion for a bill of particulars, counsel concedes
> that the victim testified that the offense occurred between September
> 25, 1998 and September 26, 1998. Attorney Watkins testified that
> he did not acquire a transcript of the hearing as to the amendment

6

> because he felt that the petitioner would not prevail on this issue. The Court is of the opinion the petitioner and his counsel(s) were aware early on of the dates the petitioner committed these crimes. A variance of a couple of days is not fatal especially since the petitioner's defense was not one of alibi. The petitioner has not demonstrated how he was prejudiced by his counsel's action in this regard which is required under *Strickland*.

Docket Entry No. 15; Attachment No. 1 at pg. 66.

On appeal, the appellate court affirmed the finding of no prejudice with respect to this issue. Docket Entry No. 16; Attachment No. 5 at pgs. 5-7. The record supports this conclusion. Therefore, counsel's failure to provide a full and accurate transcript of the hearing on the motion to amend does not rise to the level of a Sixth Amendment violation.

Finally, the petitioner claims that counsel was ineffective because he did not object to the prosecutor's misconduct, i.e., a question asked of the petitioner on cross examination and a comment made by the prosecutor during closing argument.[3]

The state courts determined that the prosecutor's remarks had not impermissibly shifted the burden of proof to the petitioner. Docket Entry No. 16; Attachment No. 5 at pg. 10. This would appear to be the case. However, even if it is assumed arguendo that counsel was deficient for not objecting, the petitioner has shown no prejudice arising from the prosecutor's remarks. As a consequence, the petitioner has failed to show that counsel was ineffective in this regard.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. §

---

[3] The prosecutor asked the petitioner "So, can you explain why Nathan isn't here?" The petitioner also asserts that the prosecutor vouched for the credibility of the prosecution witnesses during closing. The petitioner believes that these remarks improperly shifted the burden of proof to him.

7

2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims was neither contrary to nor was it an unreasonable application of federal law. Accordingly, the respondent's Motion to Dismiss has merit.

    An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge